JOHANNA TRACE VILLANI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Villani v. Commissioner
Docket No. 24508-83.
United States Tax Court
T.C. Memo 1986-338; 1986 Tax Ct. Memo LEXIS 262; 52 T.C.M. (CCH) 8; T.C.M. (RIA) 86338; August 4, 1986. Johanna Trace Villani, pro se. John E. Becker, Jr., for the respondent. WILLIAMS
MEMORANDUM FINDINGS OF FACT AND OPINION WILLIAMS, Judge: The Commissioner determined a deficiency in petitioner's Federal income tax for the taxable year 1981 in the amount of $99,900.00 as transferee of assets of her husband Steven John Donahue. The issue we must decide is whether petitioner is liable as a transferee pursuant to section 6901(a)(1)(A). [1]
FINDINGS OF FACT Petitioner Johanna Trace Villani resided in New York, New York at the time her petition was filed. She did not appear at trial, and her present whereabouts are unknown. During the taxable year 1981, petitioner was married to Steven John Donahue, also known as George Cooke, Matthew S. Alleman, Matthew Scott Alleman, Alex Hartman of Allen Anselmo. Donahue was a hashish smuggler with extensive assets. *264 He was arrested on December 30, 1982 for possession of 100 pounds of hashish oil, 145 pounds of hashish and one pound of marijuana. Based on financial records seized after his arrest, it was found that he had large amounts of cash in different banks, jewelry and certificates of deposit totaling well over $200,000.00. On Friday, August 7, 1981 Donahue, using the alias Matthew Scott Alleman, purchased a cashier's check at the Republic National Bank of New York in the amount of $102,000.00. On Monday, August 10, 1981, petitioner opened a certificate of deposit account at Citibank, N.A. in the amount of $99,900.00 in her name as custodian for Ian Villani. Petitioner had no source of funds in 1981 other than her husband. On July 18, 1985, this Court entered a decision against Donahue, docket No. 16476-83, for a deficiency in income tax for the taxable year 1981 in the amount of $187,017.90 and additions to the tax under sections 6651(a), 6653(a)(1), 6653(a)(2) and 6654(a) in the amount of $70,435.56. Respondent has been unable to collect any of these amounts. OPINION Section 6901(a)(1)(A) provides a procedure by which respondent can collect from a transferee the unpaid income *265 tax liability of the transferor. A transferee may be a donee, heir, legatee, devisee or distributee. Section 6901(h). The statute affords respondent a procedural remedy, but the existence and extent of a transferee's liability are governed by state law. Commissioner v. Stern,357 U.S. 39 (1958); United States v. Bess,357 U.S. 51 (1958); Scott v. Commissioner,70 T.C. 71, 79 (1978). Respondent has the burden of proving all of the elements necessary to establish petitioner's liability as a transferee. Section 6902(a); Rule 142(d), Tax Court Rules of Practice and Procedure.
Under New York law, a creditor may proceed against the transferee of a fraudulent conveyance to have the conveyance set aside to the extent necessary to satisfy a debt owed by the transferor. New York Debtor and Creditor Law §§ 278, 279 (McKinney 1945). A creditor is any person having a claim against a debtor, whether matured or unmatured, liquidated or unliquidated, fixed or contingent. New York Debtor and Creditor Law § 270. A conveyance may be fraudulent as to a present or future creditor. N.Y. Debtor and Creditor Law § 276 *266 . A conveyance is fraudulent in New York if it leaves the transferor with fewer assets to be applied to the creditor's claim, though the transferor remains solvent, so long as the transferor had an actual intent to hinder, delay or defraud his creditor. Estate of Stein v. Commissioner,37 T.C. 945, 954 (1962); Newfield v. Ettlinger,22 Misc.2d 769, 194 N.Y.S. 2d 670, 678 (Sup. Ct. 1959); Pattison v. Pattison,301 N.Y. 65, 73-74, 92 N.E.2d 890, 895 (1950). The requisite intent may be inferred from circumstances surrounding the transfer, Estate of Stein v. Commissioner,37 T.C. at 955; Farino v. Farino,113 Misc.2d 374, 449 N.Y.S. 2d 379, 386 (Sup. Ct. 1982), such as where the transfer is made without fair consideration or to a related party, or where the transferor knows of the creditor's potential claim and knows that he will not pay it. De West Realty Corp. v. Commissioner,418 F. Supp. 1274, 1279 (S.D.N.Y. 1976). On August 10, 1981, respondent was a present creditor of Donahue for estimated 1981 Federal income tax. Respondent becomes a present creditor of a taxpayer when the *267 obligation to pay Federal income tax accrues. United States v. 58th Street Plaza Theaters, Inc.,287 F. Supp. 475, 501 (S.D.N.Y. 1968). Although Donahue's 1981 return was not due until the following year, the record indicates that he failed to pay installments of estimated tax due prior to the transfer to his wife. Thus, although respondent did not determine a deficiency in Donahue's Federal income tax for 1981 until 1983 and this Court did not enter a decision for respondent until 1985, respondent was a present creditor of Donahue at the time of the transfer. Furthermore, in 1981 respondent was a future creditor of Donahue for his 1981 taxes accruing after the transfer. Donahue knew at the time of the transfer to petitioner that respondent was a present and a future creditor for 1981 Federal income tax and that he would not pay his 1981 tax liability to respondent. Respondent presented no direct evidence of intent, but we find that an actual intent to hinder, delay or defraud respondent may be inferred from the circumstances surrounding the transfer. Donahue's income in 1979, 1980 and 1981 was derived from drug smuggling activities. He did not file Federal *268 income tax returns for the taxable years 1979, 1980 or 1981 though a letter he wrote in 1981 concerning petitioner's tax liability indicates that he knew he was required to file. Thus, if petitioner was a transferee of assets from Donahue, respondent may have the conveyance set aside to the extent necessary to satisfy his claim against Donahue. See New York Debtor and Creditor Law (McKinney 1945) § 276, 279. Petitioner had no source of income in 1981 other than Donahue. It follows that Donahue was the source of the $99,900.00 with which petitioner opened a certificate of deposit account on August 10, 1981 and that petitioner is a transferee of Donahue. See section 6901(h). While the evidence is not conclusive, it is sufficient to permit a fair inference that the transfer occurred on or within a few days before August 10, 1981. Donahue's transfer of the $99,900.00 to petitioner, his wife, did not render Donahue insolvent, but it left fewer assets to be applied to respondent's claim as Donahue intended, and it hindered or delayed respondent in the collection of Federal income tax. The conveyance was, therefore, fraudulent under New York law. New York Debtor and Creditor Law *269 (McKinney 1945) § 276. We find that petitioner is liable as a transferee for the deficiency against Donahue for the taxable year 1981 to the extent of Donahue's fraudulent conveyance to her on August 10, 1981. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩